**IN THE UNTED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

United States Courts
Southern District of Texas
F I L E D

JUN 2 8 2021

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| North East Pine Village Homeowners Association D/B/A Pine Village North Association <br> **Plaintiff,** <br><br> **V.** <br> **Denzell Wells,** <br> **Curtis Washington,** <br> **Andrea Dominguez,** <br> **Irvin Investments, LLC.** <br> **Pine Village North Homeowners Association, And** <br> **Christopher Mitchell** <br> **Defendant,** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CIVIL ACTION** No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1446 and Local Rule 81.1, Defendants Christopher Mitchell (collectively, the Defendants) remove Cause No. 2019-23439 , North East Pine Village Homeowners Association D/B/A Pine Village North Association  V.  Denzell Wells, Curtis Washington, Andrea Dominguez, Irvin Investments, LLC. Pine Village North Homeowners Association, And Christopher Mitchell from the 333rd Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

1

# **INTRODUCTION**

Plaintiff, North East Pine Village Homeowners Association D/B/A Pine Village North Association (the "Plaintiff") filed its Original Petition in state court on April, 2, 2019 seeking declaratory relief of quiet title of (17) properties located in the Pine Village North Subdivsion as well as damages for alleged violations of various provisions of the subdivsions governing documents. Defendants allege that Plaintiffs' right to bring the aforementioned suit/legal action is barred by law as Plaintiff is not a legal entity in accordance with law, thus violating the Defendants rights under the United States and Texas Constitutions (specifically, the Due Process Clause of the 14th Amendment to the United States Constitution, the Due Course of Law Provsion of Article I, Section 19 of the Texas Constitution, the Takings Clause of the 5th Amendment to the United States Constitution and the Takings Clause of Article I, Section 17 of the Texas Constitution.

On various dates and times throughout the aforementioned state case, Defendants have challenged the Plaintiffs' Authority to bring and maintain said case. The Plaintiff has repeatedly knowingly and intentionally provided documentation that they knew to be false in an attempt to assert legal and proper authority as Plaintiff. The State Court in this matter has allowed the Plaintiff to maintain this action after review of the fictitious documents, falsified affidavits and testimony, thus vitiating "Fraud Upon The Court" and violating Defendants rights of Due Process. Furthermore, Plaintiffs have knowingly and intentionally filed documents and given testimony that purport "Extrinsic and Extrinsic Fraud"

**2**

## **VENUE IS APPROPRIATE IN THE HOUSTON DIVISION**

Venue for this removal is proper in the U.S. District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas - the location of the pending state court action. *See* 28 U.S.C. Section 124(b)(2) (stating that the Houston Division of the Southern District includes Harris County).

## **PROCEDURAL REQUIREMENTS**

Pursuant to 28 U.S.C. Section 1446 and Local Rule 81, copies of all process, pleadings, orders, and other papers filed in the state court action are attached to this Notice of Removal , including all executed process in the case; all orders signed by the state judge; the docket sheet, an index of matters being filed; and a list of all counsel of record, including addresses, telephone numbers, and parties represented. Along with the filing of the Notice of Removal, Defendants are filing a copy of the Notice of Removal with the Harris County 333rd Judicial District Court, pursuant to 28 U.S.C. Section 1446(d). Plaintiff has not requested a jury trial.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

### A.  Federal Question Jurisdiction: General Principals.

Federal question jurisdiction arises when a party sets forth allegations "founded on a claim or right arising under *the Constitution*, treaties or laws of the United States." 28 U.S.C. Sec. 1441(b) (emphasis added); *see also*      28 U.S.C.  Sec. 1331; Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000). A case arises under federal law within the meaning of Sec. 1331 if "a well pleaded complaint establishes that either federal law creates the cause of action or that a party's right to relief necessarily depends on the resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc.  v. McVeigh*, 547 U.S. 677, 689-90 (2006);  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

### B.  Defendants have Asserted Two Causes of Action for Violation of the United States Constitution.

This Court has federal question jurisdiction because Defendants' claims are "founded on a claim or right under the Constitution...." 28 U.S.C. Sec. 1441(b). Here, the face of the defendants pleadings assert causes of action against plaintiffs for alleged violations of both the Due Process Clause of the 14th Amendment and the Takings Clause of the 5th Amendment to the United States Constitution.

4

Moreover, this Court possesses, and should exercise, supplemental jurisdiction over the remaining state law claims because those claims form part of the same case of controversy as defendants' federal claims. *See* 28 U.S.C. Sec. 1367(a).

## **CONCLUSION**

Having satisfied the requirements for removal under 28 U.S.C. Sec. 1331, 1446(b) and Local Rule 81.1, Defendants give notice that Cause No. 2019-23439, now pending in the 333rd Judicial District Court, Harris County, Texas has been removed to this Court.

Respectfully Submitted,

Christopher Mitchell, Defendant, Pro Se
5726 Easthampton, Unit A
Houston, Texas 77039
(708) 513-9067
Prosper19@gmail.com

## CERTIFICATE OF SERVICE

I/we certify that a true and correct copy of the above was served on the following in

accordance with the Federal Rules of Civil Procedure on June  28, 2021, North East Pine

Village Homeowners Association D/B/A/ Pine Village North Association., by and through

Plaintiff's attorney, Chris J. Archambault via electronic mail at

archambault.filing@daughtryfarine.com.


Respectfully Submitted,

_____

Christopher Mitchell, Defendant, Pro Se
5726 Easthampton, Unit A
Houston, Texas 77039
   708-513-9067
Prosper19@gmail.com

**6**